IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

GABRIEL MEDRANO, #1211796               §

VS.                                     §          CIVIL ACTION NO. 6:06cv91

LEONARD YOUNG                           §

## MEMORANDUM OPINION AND
## ORDER OF DISMISSAL

Plaintiff Gabriel Medrano, an inmate previously confined at the Coffield Unit of the Texas

prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil

rights lawsuit pursuant to 42 U.S.C. § 1983 against Sgt. Leonard Young.  The case was transferred

to the undersigned pursuant to 28 U.S.C. § 636(c).

## History of the Case

The original complaint was filed on March 1, 2006.  The Plaintiff complained that he had

been the victim of excessive use of force at the hands of Sgt. Young.  On September 21, 2006, the

Court conducted an evidentiary hearing, in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th

Cir. 1985), to consider the Plaintiff's claims.  The Court concluded that the Plaintiff should be

allowed to proceed with the claim that he had been the victim of excessive use of force on April 5,

2004.  A bench trial was conducted on January 23, 2007.

## Facts of the Case

The Plaintiff's witnesses consisted of himself and Lt. James Karnes.  The defense witnesses

were Sgt. Leonard Young and Dr. Tito Orig.  Sgt. Young also submitted documentary evidence,

Defendant's Exhibits 1through 4, consisting of the Plaintiff's grievance records, classification and disciplinary records, unit medical records and Office of the Inspector General records.  The exhibits were admitted without objection.

The Court notes that the Plaintiff had the burden to prove his case by the preponderance of the credible testimony and evidence.  He did not do so; instead, Officer Young's version of events was just as likely, if not more likely, to be true as the Plaintiff's version of events.  At best, the Plaintiff's evidence was a draw.  He did not prove his case by the preponderance of the credible testimony and evidence.

After considering all of the evidence and testimony, the Court makes the following findings of fact based on the preponderance of the credible testimony and evidence.  The Plaintiff arrived at the Coffield Unit on March 31, 2004.  He was initially classified as a general population inmate. After notifying officials that he  feared for his safety from inmates belonging to a particular gang, he was placed in a single man cell in P2 on G-Wing while a life endangerment study was conducted. His cell was in front of the G-Wing office, which is a high traffic area.  On April 5, 2004, the Plaintiff wanted to find out about the status of the life endangerment study, thus he threw water on the run in order to get attention in an effort to speak to a sergeant.  Sgt. Young approached him.  A conflict followed, and Sgt. Young returned to the office.  Sgt. Young had two officers handcuff the Plaintiff and escort him into the office.  Sgt. Young counseled the Plaintiff about his unacceptable behavior and warned him that he would be placed in a management cell if he continued to throw water on the run. The preponderance of the credible evidence does not support a conclusion that Sgt. Young ever struck the Plaintiff or slammed his head against the file cabinets.  The Plaintiff was returned to his cell.  The Plaintiff was subsequently seen by medical personnel after complaining

about his left cheek hurting.  He was provided an ice pack.  On the following day, Dr. Orig examined

the Plaintiff and issued an order for x-rays.  The x-rays revealed that the Plaintiff never had any

fractures to his face.  Dr. Orig testified that the swelling could have been self-inflicted or caused by

someone else striking the Plaintiff.  He could not determine the source of the swelling, and the

Plaintiff has not shown by the preponderance of the credible evidence that the swelling was caused

by Sgt. Young.  The Court concludes that the Plaintiff has not shown by the preponderance of the

credible evidence that Sgt. Young used any force against him.

Discussion and Analysis

The Plaintiff alleged that he was subjected to excessive use of force.  The Supreme Court has

emphasized that the core judicial inquiry in an Eighth Amendment excessive use of force claim is

"whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm."  *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  An excessive use of force

claim has both subjective and objective components.  *Id.* at 8.  In other words, there is the issue of

whether the officials acted with a "sufficiently culpable state of mind" and if the alleged wrongdoing

was objectively "harmful enough" to establish a constitutional violation.  *Id.*  A claimant must allege

and prove there was an "unnecessary and wanton infliction of pain."  *Id.* at 5.  In deciding whether

the use of force was wanton or unnecessary, a court may consider "the need for application of force,

the relationship between that need and the amount of force used, the threat reasonably perceived by

the responsible officials, and any efforts made to temper the severity of a forceful response."  *Id.* at

7. (internal quotation and citation omitted).  The absence of a serious injury is relevant to but not

dispositive of the excessive force claim.  *Id.*

The Supreme Court added the following caveat concerning the nature of the force used in a given situation:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  *See Johnson v. Glick*, 481 F.2d, at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").  The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. at 9-10.

On remand in *Hudson*, the Fifth Circuit concluded that the following factors are relevant in the inquiry whether there was an excessive use of force: "1. the extent of the injury suffered;  2. the need for the application of force;  3. the relationship between the need and the amount of force used;  4. the threat reasonably perceived by the responsible officials; and  5. any efforts made to temper the severity of a forceful response."  *Hudson v. McMillian*, 962 F.2d 522, 523 (5th Cir. 1992).  *See also Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998).

In the present case, a *Hudson* analysis is unnecessary in light of the finding of fact that Sgt. Young did not use any force against the Plaintiff.  Moreover, Sgt. Young engaged in efforts to avoid the use of any force by returning to his office after he attempted to counsel the Plaintiff by his cell, and he further attempted to defuse the situation by counseling the Plaintiff in the G-Wing office. Sgt. Young engaged in reasonable efforts to restore discipline.  He did not engage in any actions with a culpable state of mind.  The Plaintiff has neither shown that he was the victim of excessive use of force nor shown that Sgt. Young engaged in any actions that violated his constitutional rights.

The Court is thus of the opinion, and so finds, that the Plaintiff was not a victim of excessive use of force and that judgment should be entered in behalf of Sgt. Leonard Young.  It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice.  It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **23** day of  **January, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE